IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 13-025-01 |
| LINDA WESTON | : | |

### ORDER

And now this _____ day of _____, 2014, in consideration of the attached Motion, it is hereby ORDERED that the government shall provide Defendant Weston with a Bill of Particulars, with respect to Count 15 and Count 24 of the indictment.

BY THE COURT:

_____
HONORABLE CYNTHIA M. RUFE
Judge, United States District Court

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL NO. 13-025-01 |
| LINDA WESTON | : |

## DEFENDANT LINDA WESTON'S MOTION FOR A BILL OF PARTICULARS

Defendant Linda Weston, by her attorneys Patricia A. McKinney and Paul M. George, respectfully requests this Court to direct the government to provide Defendant with a Bill of Particulars, with respect to Counts 15 and 24 of the instant indictment, charging her with violating 18 U.S.C.A. § 1959(a)(1) (murder in aid of racketeering). In support of this motion, Defendant respectfully represents:

**A. Count 15 – Charging Defendant with Pennsylvania Felony Murder**

1. Count 15 of the instant indictment accuses Defendant Linda Weston with violating a 18 U.S.C.A. § 1959(a)(1) (VICAR murder) by "murder[ing] D.S. in violation of the laws of the Commonwealth of Pennsylvania, that is, Title 18, Pennsylvania Consolidated Statutes Annotated, Section 2502(b)." (Indictment, Count 15, p.77).

2. Aside from alleging that this crime occurred on June 26, 2005, in Philadelphia, the Indictment provides no information regarding the time, place, manner or means of this crime.

3. 18 Pa.C.S. § 2502(b) is Pennsylvania's felony murder statute. In order to violate § 2502(b), the murder must be committed while a defendant is engaged as a principal or an accomplice in the perpetration of a felony. Commonwealth v. Gladden, 665 A.2d 1201, 1209 (Pa. Super. 1995) (en banc).

4. Thus, an individual may be charged under this statute because he or she personally committed a murder during the course of a felony. However, an individual may also be charged with this offense, simply because he/she was one of the people who conspired to commit the underlying felony. Commonwealth v. Lambert, 795 A.2d 1010, 1023 (Pa. Super. 2002).

5. Where Count 15 accuses Defendant Weston of a type of murder which may be committed in a variety of ways, and where it provides no details regarding the time, place, manner, or means of that murder, Count 15 is too vague to inform Defendant of the charges against her.

**B. Count 24 - Charging Defendant with Virginia Felony Murder**

6. Count 24 of the instant indictment accuses Defendant Linda Weston with violating a 18 U.S.C.A. § 1959(a)(1) (VICAR murder) by "murder[ing] M.L.in violation of the laws of the Commonwealth of Virginia, that is, Title 18 Code of Virginia, Section 18.2-33. (Indictment, Count 24, p.88).

7. Aside from alleging that this crime occurred on November 13, 2008, in Norfolk, the Indictment provides no information regarding the time, place, manner or means of this crime.

8. VA Code Ann. § 18.2-33 is Virginia's felony murder statute. In order to violate § 18.2-33, the killing must be committed accidentally, contrary to the intention of the parties, while in the prosecution of some felonious act.

9. Thus, an individual may be charged under the Virginia statute because he/she personally committed an act which accidentally caused a death, or because he/she simply conspired to commit a felony during which an accidental death occurred.

3

10. Where it accuses Defendant Weston of type of murder which may be committed in a variety of ways, and where it provides no details regarding the time, place, manner, or means of that murder, Count 24 is too vague to inform Defendant of the charges against her.

**C. Request for Bill of Particulars**

11. Rule 7(f) provides:

(f) Bill of Particulars. The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

12. The purpose is of a Bill of Particulars is to identify with sufficient particularity the nature of the charge pending against a defendant, thereby enabling her to prepare for trial, and to prevent surprise. United States v. Davidoff, 845 F.2d 1151, 1154 (2d Cir.1988).

13. A bill of particulars should be granted whenever an indictment's failure to provide factual or legal information significantly impairs the defendant's ability to prepare her defense or is likely to lead to prejudicial surprise. United States v. Rosa, 891 F.2d 1063, 1066 (3d Cir. 1989); United States v. Addonizio, 451 F.2d 49, 62–63 (3d Cir. 1971).

14. A bill of particulars should be granted where the indictment is too vague or indefinite to reasonably allow a defendant to prepare her defense. United States v. Mariani, 90 F. Supp. 2d 574, 591 (M.D. Pa., 2000).

15. Counts 15 and 24 of the instant indictment fail to provide any details regarding the specific criminal conduct attributed to Defendant Weston, which resulted in the alleged felony murders of D.S. and M.L.

16. The absence of any details impairs Ms. Weston's ability to prepare her defense and is likely to lead to prejudicial surprise.

WHEREFORE, Defendant Linda Weston respectfully requests this Court to direct the government to provide her with a Bill of Particulars with regard to Counts 15 and 24 of the Indictment.


Respectfully submitted,


/s/PMG7937_____
Patricia A. McKinney, Esquire
Paul M. George, Esquire

Attorneys for Linda Weston

# CERTIFICATION OF SERVICE

I certify that on the date indicated below I served a copy of the attached Motion for a Bill of Particulars upon the below named Assistant United States Attorneys *via* electronic filing.


Faithe Moore-Taylor, AUSA
Richard P. Barrett, AUSA
Office of the United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106


Date: April 28, 2014              /s/PMG7937_____
                                  Paul M. George, Esquire